IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Susan Woodard,<br><br>       Plaintiff<br>  v.<br><br>Whitney Bettie, Loree Sorenson, and SDH Services East, LLC,<br><br>       Defendants. | C/A. No. 0:19-cv-335-CMC-SVH<br><br><br><br>**Opinion and Order** |

Through this action, Plaintiff Susan Woodard ("Plaintiff"), proceeding *pro se*, alleges employment discrimination on the basis of her race, sex, national origin, and age, as well as retaliation, against Whitney Bettie, Loree Sorenson, and SDH Services East, LLC. ECF No. 1, 1-4 (supplement). The matter is before the court on Defendants' Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) and (b)(6). ECF Nos. 22, 23. After entry of a *Roseboro* Order, Plaintiff filed responses in opposition. ECF Nos. 29, 31, 32. Defendants filed replies. ECF Nos. 33, 34.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), (g), D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On December 10, 2019, the Magistrate Judge issued a Report recommending that Defendant Sorenson's and Defendant Bettie's motions to dismiss be granted, and the claims based on race, sex, and national origin discrimination be dismissed.[1] ECF No. 35. The Magistrate Judge advised the parties of the

---

[1] The Magistrate Judge does not recommend dismissal of Plaintiff's claims of retaliation and age-based discrimination.

procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. On December 30, 2019, Plaintiff filed objections to the Report. ECF No. 38. Defendants filed a reply on January 7, 2020. ECF No. 39. This matter is now ripe for resolution.

## I. Standard

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## II. Discussion

The Magistrate Judge recommends dismissing Plaintiff's claims of discrimination as to individual Defendants Bettie and Sorenson[2], as there is no liability for individuals under Title VII. ECF No. 35 at 4. The Report further recommends dismissal of the discrimination claims based on sex, race, and national origin because Plaintiff failed to allege facts tending to show any of these protected characteristics were tied to any adverse employment action. *Id.* at 5. Plaintiff's claims

---

[2] The Report also recommends dismissal on the basis that Sorenson was not properly served. *Id.*

for retaliation and age-based discrimination remain, and the Magistrate Judge has issued a scheduling order for the case to continue. *Id.* at 6; ECF No. 36.

Plaintiff objects to the Report, arguing Bettie and Sorenson were "key members of management with the authority to create a culture, singular and/or collectively, in the work environment, through a series of direct and indirect actions, that resulted in race, age, sex, nationality, and retaliation discrimination against the Plaintiff." ECF No. 38. She requests leniency from the court "regarding the strict compliance to legal procedures because Plaintiff is a Pro Se litigant," and contends she did not have the legal knowledge to ensure proper service on Sorenson. *Id.* at 2. She requests the opportunity to submit "additional clarification and details regarding race, age, sex, nationality and retaliation claims in a court of law." *Id.* Plaintiff argues similar complaints against her employer have been made by other individuals who did not pursue their claims in court, providing an "even more compelling reason why the court should allow this complaint filed by the Plaintiff be heard in its entirety as filed." *Id.* at 3.

Defendants replied to Plaintiff's objections, arguing Plaintiff has only raised general objections that do not direct the court to specific error by the Magistrate Judge. ECF No. 39 at 2. They argue while Plaintiff is entitled to some degree of leniency as a *pro se* litigant, she has failed to plead a legally cognizable claim and the Report should be adopted. *Id.*

### a. Individual Defendants

The court agrees with the Magistrate Judge the individual Defendants, Bettie and Sorenson, must be dismissed as individuals may not be sued individually under Title VII or the ADEA: only an employer can be sued for employment discrimination. Plaintiff alleges no other causes of action against the individual Defendants that could subject them to liability, as all of her allegations focus

on the discrimination she contends the individual Defendants perpetrated. As Bettie and Sorenson[3] are not proper defendants under Title VII and the ADEA, they are dismissed.[4]

### b. Discrimination Claim(s)

The Report also recommends dismissing the claims of discrimination based on race, sex, and national origin because Plaintiff failed to tie these claims to any adverse employment action. ECF No. 35 at 5. The court agrees her claims as written are insufficient to allege an adverse employment action as required for a discrimination claim; however, in her objections Plaintiff has requested an opportunity to submit additional clarification and details regarding her claims for discrimination.[5] In accordance with the operative Scheduling Order, Plaintiff may file a motion for leave to amend her Complaint no later than March 9, 2020. She is to attach a proposed Amended Complaint to her motion, and is reminded that an Amended Complaint replaces the original Complaint and therefore should contain all factual allegations and claims she seeks to bring.[6]

---

[3] It also appears Defendant Sorenson was not properly served. She is dismissed as a Defendant for this reason as well.

[4] Plaintiff would be unable to allege any set of facts allowing her to sue the individual Defendants for employment discrimination under these federal statutes. Plaintiff may set forth facts regarding Bettie and Sorenson, but may sue only her employer for discrimination.

[5] The Report notes Plaintiff has previously amended her Complaint. No Amended Complaint appears on the docket, but there is a supplement to the original Complaint filed at ECF No. 1-4 on February 26, 2019.

[6] This does not, however, allow Plaintiff to bring employment discrimination claims against individual Defendants, as the law does not allow such a claim. Therefore, any amendment regarding her discrimination claims against the individual Defendants would be futile.

## III.	Conclusion

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, Plaintiff's objections, and Defendants' reply, the court adopts the Report as to the Individual Defendants, but declines to adopt the Report as to the claims based on race, sex, and national origin discrimination against SDH Services East in order to allow Plaintiff to file a motion for leave to amend her Complaint. Plaintiff's claims for discrimination against individual Defendants Bettie and Sorensen are dismissed with prejudice for the reasons set forth above and in the Report.  Defendant Sorenson's motion to dismiss is granted (ECF No. 22) and Defendants Bettie and SHD Services East's motion to dismiss (ECF No. 23) is granted in part as to Defendant Bettie but denied as to Defendant SHD Services East.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
January 16, 2020