IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Susan Woodard, | C/A. No. 0:19-cv-335-CMC-SVH |
| Plaintiff | |
| v. | |
| SDH Services East, LLC, | **Opinion and Order** |
| Defendant. | |

Through this action, Plaintiff Susan Woodard ("Plaintiff"), proceeding *pro se*, alleges employment discrimination on the basis of her age, as well as retaliation, against SDH Services East, LLC.[1]  ECF No. 1, 1-4 (supplement).  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2), D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report") on dispositive issues.

Defendant SDH Services East, LLC ("Defendant") filed a motion to amend/correct the scheduling order and for discovery sanctions.  ECF No. 61.  Plaintiff filed a response in opposition.  ECF No. 62.  Defendant then filed a supplement to its motion (ECF No. 63) and Plaintiff filed a reply to the supplement (ECF No. 66).  Defendant filed a reply to Plaintiff's response in opposition (ECF No. 67), and Plaintiff filed a sur-reply (ECF No. 68).

---

[1] Defendants Bettie and Sorenson were dismissed with prejudice by the court's Order of January 16, 2020.  ECF No. 40.  In addition, Plaintiff was given an opportunity to amend her Complaint regarding her race, sex, and national origin claims but failed to do so; therefore, those claims were dismissed without prejudice.  ECF No. 44.

On September 21, 2020, the Magistrate Judge entered a Report recommending this court grant Defendant's motion and dismiss Plaintiff's case with prejudice as a Rule 37 discovery sanction pursuant to Fed. R. Civ. P. 41(b).  ECF No. 69.  The Report set forth the history of Plaintiff's failure to comply with the discovery rules, and examined the four-prong test set forth by the Fourth Circuit for Rule 41(b) dismissal. The Magistrate Judge reasoned Plaintiff had a high degree of personal responsibility for her conduct, that her obstructive conduct has been ongoing, that the prejudice to Defendant was significant, and that less drastic sanctions than dismissal would be ineffective, as shown by Plaintiff's conduct even after warnings by the court.  *Id.* at 13-14.  The Report notes Plaintiff has "expressed no remorse for the delays, consumption of court time, and expense that her refusals to comply with basic discovery rules has caused."  *Id.* at 15. Alternatively, if this court declines to dismiss the case, the Report recommends extending the discovery and dispositive motions deadlines, compelling Plaintiff to return to Columbia for a full day for a continued deposition, requiring her to provide full responses to all discovery requests, and to pay fees and costs associated with bringing the instant motion and resuming her deposition. The Magistrate Judge notes this option should be pursued only if Plaintiff "indicates a willingness to abide by these conditions and to fully participate in the discovery process moving forward, properly pursuing her claims."  *Id.* at 16.  Plaintiff has failed to indicate any such willingness.

The parties were given notice of their right to file objections to the Report and the consequences of failing to do so.  Plaintiff filed objections (ECF No. 72) and Defendant filed a reply (ECF No. 73).  In her objections, Plaintiff contends she has acted in "good faith in all matters and answered all question from the attorney of record for the defense."  ECF No. 72 at 1.  She notes she should not be held to the same standard as an attorney, and argues she answered the questions as best she could, surrendered all documents in her possession, did not act in an evasive

2

manner at the deposition, and worked with defense counsel in scheduling. She "reasonably believes that counsel for the defense seeks dismissal of the instant case vindictively because he could not get the answers he was hoping for and because the Plaintiff did not have the records or could not recall certain intimate details about said prior civil cases sufficient enough for his liking." *Id.* at 2. Therefore, she requests the court decline to adopt the recommendation of dismissal and moves the court to modify the discovery schedule. *Id.*

Defendant filed a reply to Plaintiff's objections, requesting the court adopt the Report and dismiss the case. ECF No. 73. It argues Plaintiff did not attempt to explain or justify her "repeated misrepresentations to SDH and the Court," and glossed over the severity of her discovery abuses. Further, it contends, Plaintiff did not present specific objections to "key findings" of the Report and thus such findings are undisputed and warrant dismissal alone. Finally, it argues her continued misrepresentation of facts as seen in her objections justifies dismissal, and notes she continues to deny responsibility for her acts of misconduct or show an inclination to correct her behavior. *Id.* at 7-8. Because Plaintiff did not indicate a willingness to abide by the conditions set forth in the Report, Defendant contends, the case should be dismissed. *Id.* at 9.

## I.   <u>Standard</u>

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection.

*See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

The Fourth Circuit has promulgated a four-part test to consider when deciding whether to dismiss a case as a discovery sanction under Fed. R. Civ. P. 37 for failure to comply with discovery rules and orders. The factors are: "(1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989).

Similarly, under Fed. R. Civ. P. 41, there is a slightly different test used to determine whether involuntary dismissal is appropriate for failure to comply with the Rules of Civil Procedure or a court's order. These factors are: "(1) the degree of personal responsibility of the plaintiff; (2) the amount of prejudice caused the defendant; (3) the existence of a history of deliberately proceeding in a dilatory fashion, and (4) the existence of a sanction less drastic than dismissal."). *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989). Such a dismissal operates as "an adjudication on the merits." Fed. R. Civ. P. 41(b).

## II.    <u>Discussion</u>

After a review of the record, the applicable law, the Report and Recommendation of the Magistrate Judge, Plaintiff's objections, and Defendant's reply, the court agrees with the Report's recommendation Plaintiff's case should be dismissed with prejudice. Plaintiff's objections rely primarily on her *pro se* status, which she argues entitles her to be treated leniently. However, it is

4

well-settled that a *pro se* plaintiff must follow the Federal Rules of Civil Procedure and is not excused from participation in discovery or following orders of the court. *See Bing v. Brivo Systems*, LLC, 959 F.3d 605, 618 (4th Cir. 2020); *Ballard,* 882 F.2d at 96 ("Pro se litigants are entitled to some deference from courts. But they as well as other litigants are subject to the time requirements and respect for court orders without which effective judicial administration would be impossible.") (internal citation omitted).

### a. *Facts*

Plaintiff brought this case *pro se*, alleging claims of discrimination and retaliation against her former employer.  On April 10, 2020, Defendant served Plaintiff with its first set of interrogatories and first set of requests for production ("RFP").  ECF No. 61-1.  Plaintiff served her responses, including limited documentation, on June 12, 2020, but did not respond in writing to the RFPs. Defendant sent a letter to Plaintiff explaining multiple deficiencies in her responses, and informing her of the need to complete written discovery responses and provide copies of responsive documentation.  ECF No. 61-3.  Plaintiff supplemented her interrogatory responses on June 26, 2020, but did not provide any further documentation in response to the RFPs.

One of the interrogatories propounded by Defendant asked if Plaintiff had ever filed a charge or complaint with any federal, state, or local agency or court other than this case.  ECF No. 61-1 at 8.  In her response, Plaintiff stated she has "filed complaints before in local court, Federal agency and District Court.  Plaintiff does not have documentation pertaining to these complaints at this time."  ECF No. 61-2 at 4.  There was no further information provided regarding this question when she supplemented her responses. However, when ordered to turn over documents she brought to her deposition, it was discovered she did possess documents regarding previous claims and complaints.  See ECF No. 61-7 at 60-75 (EEOC inquiry, charge of discrimination,

5

Administrative Law Court Order).   In addition, Interrogatories six and seven requested identification of "all persons with knowledge . . . relating to your claim[s] in the Complaint . . ." ECF No. 61-1 at 5.   Plaintiff responded with three names: Dr. Maggie Cambell, Dr. Dhiman Shamly, Brittany Masser.  ECF No. 61-2 at 3-4.  However, the documents Plaintiff was ordered to turn over at deposition included texts about her case with an individual labeled "Tim Chef," signed David Timothy Smith.  Plaintiff did not mention this person in her initial discovery responses or supplement.

Defendant noticed Plaintiff's deposition for July 23, 2020, at counsel's office in Columbia. ECF No. 57-1.  On July 14, counsel sent Plaintiff a reminder, and on July 20, called to confirm her appearance.  During that call, Plaintiff requested her deposition be taken in or closer to her home in Rock Hill, and notified counsel she did not want to appear in Columbia for the deposition.  In text messages to counsel on July 21, Plaintiff indicated there had been a death in her family and she was concerned because of the growing number of coronavirus cases in South Carolina, and requested a zoom or conference call deposition. ECF No. 57-4 at 2.  Defense counsel described the steps his office had taken for COVID-19 cleaning and safety, and explained he would seek court intervention if Plaintiff refused to appear for her deposition.   *Id.* Before that became necessary, the parties agreed to reschedule the deposition for August. *Id.*  However, when Plaintiff provided an August date, she noted she would be available "in Rock Hill a more comfortable setting instead of your office." *Id.* at 5. When Defendant indicated it intended to conduct the deposition in its Columbia office, Plaintiff indicated she "will not be able to travel to Columbia I have no extra money for gas, am already taking off from work which causing me to lose money." *Id.*   Plaintiff also argued because Defendant "unjustly terminated me from my job…it would be just fair and just right you and your client to pick a location that is more comfortable and feasible

6

for everyone." *Id.* When Plaintiff also noted she didn't "want to continue feeling intimidated," defense counsel determined they should confine their exchanges to writing and no longer communicate by phone. *Id.* at 6. A few days later, Plaintiff responded with alternative August dates for her deposition. *Id.*

After this exchange, Defendant filed a motion to amend the scheduling order and to compel Plaintiff's appearance at her deposition in Columbia in August. ECF No. 57. The Magistrate Judge entered an Order granting Defendant's motion, finding Defendant's notice of deposition, including location, was proper, and advising Plaintiff that "failure to appear for a properly-noticed deposition may result in sanctions, such as dismissal of this case for failure to participate in discovery or requiring Plaintiff to pay for costs associated with filing this motion and scheduling the deposition and any court reporter costs." ECF No. 58 at 2.[2]

Plaintiff appeared for her deposition in Columbia on August 21, 2020.[3] Early in the deposition, she began answering questions evasively, including many answers stating she did not recall or could not remember. For example, when asked if she had ever brought a lawsuit against anyone other than SDH Services, Plaintiff asked if the question was relevant to her case. ECF No. 61-5 at 10 (Plaintiff dep. at 22). After Defendant indicated that it was, and that she was required to answer the questions unless she had a specific privilege objection, Plaintiff indicated she did not recall. *Id.* However, after she was shown documentation regarding a lawsuit against Aldi, her

---

[2] The scheduling order was also amended, extending the discovery deadline to August 28 and the dispositive motions deadline to September 11. ECF No. 59.

[3] Defendant's in-house counsel attended via Zoom, and Plaintiff was informed of this prior to the deposition. Although she complains now of this arrangement, Plaintiff expressed no objections or concern, and testified there was no reason she could not give truthful and complete answers. ECF No. 61-5 at 7.

former employer, she agreed she had filed the lawsuit but answered she did not recall what claims she brought, who the named defendant Lane was, or the outcome of the case. *Id*. at 11. When shown more documentation of a case against Life Insurance Company of North America, she could not recall what the case was about, how long the case was open, or the outcome of the case. *Id.* She was also shown documentation of a lawsuit against Winn-Dixie, but testified she couldn't remember whether the case was related to her employment with them, if it was a discrimination case, or the outcome of the case. *Id.* She further testified she couldn't remember any other lawsuit, whether she had filed for bankruptcy, or whether she filed administrative charges with agencies such as the Equal Employment Opportunity Commission ("EEOC") or South Carolina Human Affairs Commission ("SCHAC"). *Id.*

Similarly evasive were her answers regarding her educational history. She testified she did not recall whether she attended high school or any sort of college. *Id.* at 12. Only after being shown a document from York Technical College did she acknowledge "the document said" she attended classes there. *Id.* at 13. In addition, she represented she could not recall whether she sent or received any text messages from anyone about the instant case, or specifically, whether she exchanged text messages with David Smith about the case. *Id*. at 8.

Finally, Plaintiff brought documentation with her to the deposition. When asked by defense counsel about the content of the documents, she said she brought the Notice of Deposition, Amended Scheduling Order, and nothing else. *Id*. at 8. Later in the deposition, after observing Plaintiff flipping through documents, counsel asked if she had any other documents. Plaintiff acknowledged she also had a copy of the Amended Notice of Deposition. *Id.* at 18. Believing there to be more documents than Plaintiff was disclosing, defense counsel asked if she had provided all documents in her possession at the deposition to Defendant in discovery, Plaintiff

8

answered that defense counsel "sent [her] these documents." *Id.* Counsel requested to review them, and Plaintiff refused, at which point defense counsel called the Magistrate Judge for a ruling on whether the documents should be produced. *Id.* During that conference, Plaintiff represented to the Magistrate Judge the documents she brought to her deposition were provided to her by defense counsel. Therefore, the Magistrate Judge ordered they be examined by defense counsel, and explained to Plaintiff the requirement to provide truthful, complete, and non-evasive answers to deposition questions. ECF No. 69 at 7-8.[4]

Upon review of the documents, it became clear many of Plaintiff's deposition answers, as well as some written discovery responses, were not only incomplete, but were patently false. The documents did not consist only of those provided to Plaintiff by Defendant (deposition notices, scheduling order), but also included administrative claims filed by Plaintiff with the EEOC and SCHAC, as well as text messages about the case between Plaintiff and David Smith. ECF No. 61-7.[5] Because of the delays to conference the Magistrate Judge and review the documents, defense counsel was not able to complete Plaintiff's deposition and notified her it would be held open. ECF No. 61-5 at 40.

The instant motion followed, in which Defendant moved for an extension of the scheduling order and for discovery sanctions; however, it did not request dismissal at that time. ECF No. 61.

---

[4] There is no transcript on the docket for the call with the Magistrate Judge. However, both defense counsel and the Magistrate Judge have noted that Plaintiff informed the court the documents were provided to her by defense counsel. The Magistrate Judge directed Plaintiff to provide them to defense counsel and informed Plaintiff of the need to answer truthfully, completely, and non-evasively. ECF Nos. 61 at 7; 69 at 7 n.6.

[5] Not only did these documents show Plaintiff had been untruthful at her deposition, but they were responsive to Defendant's written discovery requests and should have been produced prior to her deposition.

9

Plaintiff responded with accusations of attempts to mislead and confuse her, expressed no remorse for her conduct, and failed to offer to comply with discovery procedures. ECF No. 62. She advised she was nervous about the high number of COVID-19 cases in Richland County, while the Rock Hill area had fewer cases, and she wanted to protect her children and grandchildren. She also claimed to be concerned about defense counsel's lack of social distancing and mask wearing practices, which was "amplified when the Counsel for the Defendant attempted to persuade her to remove her mask during the deposition." *Id.* at 2. She argued she responded to the written discovery and brought documents to the deposition because she thought she was supposed to do so. She contended she did not grant permission to be videotaped, and complained she could not see in-house counsel because she was not provided a screen on which she could see him. This made her "intimidated and made to feel uneasy. My ability to think clearly and reason were affected as I was constantly distracted by the camera. My answers and responses were altered because of my preoccupation with the camera in my face." *Id.* at 3. She claimed her ability to "present her case has been permanently and forever damage [*sic*] due to the unauthorized videoing, telephone interruptions, questionable tactics during the Deposition, numerous telephone calls and texts day and night from the Counsel of the Defendant, while at the same time, informing the Plaintiff not to call them, unless absolutely necessary, affected the preparation of the Plaintiff's case." *Id.* at 5. She argued the deposition created a "hostile environment" that "altered the way she conducted herself." *Id.* Finally, she claimed defense counsel "instigated that he held a special relationship with the judge which would result in a ruling in Defendant's favor and would require the Plaintiff pay Defendant's legal fees if Plaintiff did not accept Defendant's settlement terms." *Id.* at 6.

Defendant then filed a supplement to the motion for sanctions requesting that the court dismiss Plaintiff's case under Rule 41(b) based on Plaintiff's repeated failures to comply with discovery rules.  ECF No. 63.  It also filed a reply to Plaintiff's response, challenging Plaintiff's accusations and noting she takes no responsibility for her actions.  ECF No. 67.  It denies counsel ever told Plaintiff he had a special relationship with the Magistrate Judge or that the court would issue a favorable ruling unless she accepted a settlement offer.  *Id.* at 4.  In her sur-reply, Plaintiff acknowledged her characterization of defense counsel claiming a "special relationship with the judge was an improper simplification."  ECF No. 68 at 3.

        *b.  <u>Analysis</u>*

The court agrees with the Magistrate Judge's conclusion this case should be dismissed due to Plaintiff's conduct in responding to written discovery and during her deposition.  The Magistrate Judge analyzed the Rule 41(b) factors, and determined dismissal with prejudice was appropriate.  As Plaintiff has objected to the Report, this court now performs a *de novo* review.  Examining the factors applicable to Rule 37 sanctions and Rule 41(b) dismissals, the court finds both sets of factors weigh on the side of dismissal. *See Mut. Fed. Sav. & Loan Ass'n.,* 872 F.2d at 92; *Ballard,* 882 F.2d at 95.

Under Rule 37, the court finds the noncomplying party, Plaintiff, acted in bad faith in discovery.  The most clear example of this is in her dishonest answers in deposition, by testifying she did not recall or remember when asked simple questions regarding her educational history or questions regarding previous complaints or text messages, which were shown to be false by the documents Plaintiff had in her own possession at the deposition.

Plaintiff's conduct prejudiced Defendant, as it was unable to conduct a complete deposition or rely on the answers given by Plaintiff, and was required to file and respond to sanctions motions.

11

The information withheld by Plaintiff was material to Defendant's claims, and was not irrelevant. For example, it became clear only after the Magistrate Judge's order regarding the disclosure of documents Plaintiff brought to the deposition that Plaintiff had filed previous complaints regarding employment discrimination with the EEOC and SCHAC. In addition, the documents revealed Plaintiff had text conversations about the case with David Smith, a witness who had not previously been disclosed.

The need to deter such conduct is strong: plaintiffs may not bring cases and then refuse to honestly engage in the discovery process, effectively disallowing defendants an opportunity to put forth a defense. The importance of honesty in the litigation process cannot be undermined by this type behavior.

Less drastic sanctions than dismissal would not be effective, as Plaintiff has engaged in obstructive behavior on several occasions, refused to comply despite warnings from the court, and has failed to indicate her willingness to comply with discovery rules, despite the Report's offering of an alternative to dismissal if she would pay costs and comply.

Plaintiff bears responsibility for her behavior in failing to properly and honestly respond to written discovery and failing to provide honest answers in deposition. She behaved unacceptably once in the deposition by failing to answer even the most basic questions until Defendant was forced to call the Magistrate Judge. Further, her responses and statements to the Magistrate Judge, both in interrogatories and during the deposition, were proved to be false when documents in Plaintiff's possession were examined. Plaintiff thus has a history of proceeding in an obstructive and dilatory fashion that cannot be excused by her *pro se* status.

It is clear to the court Plaintiff failed to provide relevant information in her possession to which Defendant was entitled, and both Defendant and the Magistrate Judge have provided

12

specific examples of dishonest behavior by Plaintiff, which she has failed to refute. Plaintiff was given two clear warnings by the Magistrate Judge of the requirement to provide truthful and complete responses in discovery, including during the in-deposition conference call. However, Plaintiff continues to insist she has participated in discovery in good faith, expresses no remorse, and fails to indicate a willingness to abide by the discovery rules and fully participate in discovery if the case continues. Accordingly, the court agrees less drastic sanctions than dismissal would be ineffective.

The court, after weighing the relevant factors, concludes dismissal to be the most appropriate sanction for Plaintiff's conduct. *See, e.g., Lee v. Max Int'l., LLC*, 638 F.3d 1318 (10th Cir. 2011) (upholding dismissal with prejudice for plaintiff's misconduct during discovery, including failure to comply with a document request and two court orders compelling production). Accordingly, the court adopts the Report by reference in this Order. As Plaintiff was specifically warned of the possibility of dismissal if she did not comply with the discovery rules and the Magistrate Judge's Order(s), this action is hereby dismissed pursuant to Fed. R. Civ. P. 41(b). *See also Ballard*, 882 F.2d at 95 ("The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders."). Defendant's motion is granted, and Plaintiff's Complaint is hereby dismissed with prejudice.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
November 16, 2020

13